**Ann D. KEATING, Appellant,**

v.

**Andrew J. KEATING, Appellee.**

**Ann D. KEATING, Appellee,**

v.

**Andrew J. KEATING, Appellant.**

**Nos. 75–2210, 75–2211.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1976.

Decided Sept. 22, 1976.

Howard I. Legum, Norfolk, Va. (Fine, Fine, Legum & Fine, Norfolk, Va., on brief), for Ann D. Keating.

C. V. Spratley, Jr., Newport News, Va. (Stephen D. Harris, Williamsburg, Va., on brief), for Andrew J. Keating.

Before BUTZNER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.

FIELD, Senior Circuit Judge:

These cases involve the effect to be accorded conflicting divorce decrees under the full faith and credit clause of Article IV, Section 1 of the Federal Constitution. The plaintiff, Ann D. Keating, asked the district court to adopt an Ohio decree of divorce with respect to alimony and support money, and to require the defendant to pay both the accrued past-due sums as well as payments which might accrue in the future. The defendant urged that an earlier Virginia divorce decree in his favor should be given adjudicatory preference. The district court recognized the validity of the Ohio decree and entered judgment in favor of the plaintiff for the past-due installments, but declined to grant relief with respect to any payments which might become due in the future. Both parties have appealed.

The Keatings were married in 1937 in the State of Indiana and in 1963 the plaintiff filed a bill for separate maintenance in the Circuit Court for the City of Virginia Beach, Virginia. In that proceeding she was granted temporary custody of the minor children as well as support and maintenance. The case remained dormant until December 2, 1966, when the defendant, Andrew J. Keating, filed a cross-bill which was purportedly served on the plaintiff by posting a copy at her usual place of abode. No answer was filed by Ann Keating and in February of 1967 a decree was entered awarding Andrew a divorce a *vinculo.* This decree was later attacked by Mrs. Keating but the Virginia court denied the petition to vacate upon the ground that it lacked jurisdiction, stating that both parties were then nonresidents of the State of Virginia.

In the interim the plaintiff filed a petition for divorce in the Common Pleas Court of Lucas County, Ohio, and obtained personal service upon the defendant in that state. The Common Pleas Court upheld the validity of the Virginia divorce decree. However, on appeal the Court of Appeals of Ohio, Sixth District, held that the Virginia decree was invalid and reversed the lower court. Upon the remand, in an order entered on July 20, 1973, the plaintiff was awarded a divorce, together with alimony, child custody and child support. It is this decree which the plaintiff asked the district court to recognize and enforce.

Upon the threshold issue the district court concluded that under *Sherrer v. Sherrer,* 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948), and *Johnson v. Muelberger,* 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951), the full faith and credit clause requires a showing of personal service upon the party sought to be bound by the divorce decree. The court noted that in the Ohio proceeding, where both parties were present and represented by counsel, it was found that on December 7, 1966, neither the plaintiff nor the defendant was domiciled in Virginia and, accordingly, the purported service on the plaintiff failed to meet the requirements of due process. Under these circumstances, the district court held that the invalidity of the Virginia divorce decree had been properly established in the Ohio litigation, and that the divorce decree of that court should be recognized. In our opinion the record fully supports this conclusion of the district court.

Although recognizing that under *Harrison v. Harrison,* 214 F.2d 571 (4th Cir.

1954), it had the authority to enforce the Ohio decree for future as well as past-due alimony and support payments, the district court declined to assume the enforcement of future payments. In doing so, the court observed that on this point the decision in *Harrison* was merely an expression of the exercise of its discretion. This reading of the opinion in that case was far too restrictive, for it is clear that Judge Dobie rejected "the older and more rigid rule," *Id.*, at 574, and adopted "the modern, liberal rule, which appears to be grounded in reason and flavored with common sense." *Id.*, at 574. Under *Harrison,* the plaintiff is entitled to the full breadth of relief afforded by the Ohio decree and, accordingly, the case will be remanded with directions to modify and enlarge the judgment to cover future payments as well as those in arrears.

No. 75–2210—MODIFIED and REMANDED.

No. 75–2211—AFFIRMED.